UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER, | No. 2:18-cv-3251 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| J. LYONS, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking damages pursuant to 42 U.S.C. § 1983.  On March 4, 2019, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a).  The court dismissed plaintiff's complaint with leave to file an amended complaint.  Plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

In order to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  When considering

whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, <u>see</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

As with plaintiff's original complaint, plaintiff's amended complaint concerns the manner in which inmate grievances filed by plaintiff were processed. There are three defendants. One of the defendants, Lyons, is employed at California State Prison, Sacramento. The other two are employed at Kern Valley State Prison, and plaintiff's allegations against those two concern events occurring at Kern Valley.

Plaintiff's allegations with respect to defendant Lyons concern the processing of a grievance in Sacramento. However, plaintiff was informed when the court screened plaintiff's original complaint:

> [P]risoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003). Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under section 1983. <u>Id</u>.

Accordingly, to the extent plaintiff alleges his federal rights were violated solely by the manner in which a prisoner grievance was processed, plaintiff's amended complaint fails to state a claim upon which relief can be granted.

Plaintiff also asserts that his rights arising under the First Amendment, including his right to free speech and his right to petition the government for redress of grievances, were violated by defendant Lyons during his processing of grievances identified above. However, these assertions are "naked assertions" lacking any factual support.

In light of the foregoing, the court will recommend that plaintiff's claims against defendant Lyons be dismissed. The court will also recommend that plaintiff's claims against the other two defendants be transferred to the Fresno Division of this court, because Kern Valley State Prison, which is located in Kern County, lies within the area covered by the Fresno Division. Pursuant to Local Rule 120(f), a civil action which has not been commenced in the proper division of this court may, on the court's own motion, be transferred to the proper division.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims against defendant Lyons appearing in plaintiff's amended complaint be dismissed for failure to state a claim upon which relief can be granted; and

2. All remaining claims be transferred to the Fresno Division of this court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 29, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hamm3251.frs