UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>J. LYONS, et al.,<br><br>　　　　Defendants. | 1:19-cv-01650-AWI-GSA-PC<br><br>**ORDER DENYING MOTION TO REINSTATE DEFENDANT LYONS AND TRANSFER CASE BACK TO SACRAMENTO DIVISION**<br>**(ECF No. 20.)** |

**I.　　BACKGROUND**

　　Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On December 21, 2018, Plaintiff filed the Complaint commencing this action in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1.)

　　On March 4, 2019, the Sacramento Division court screened the Complaint and issued an order dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 9.) On April 3, 2019, Plaintiff filed the First Amended Complaint against defendants J. Lyons (Appeals Coordinator, California State Prison-Sacramento), C. Gonzales (Appeals Coordinator, Kern Valley State Prison), and A. Lucas (Appeals Coordinator, Kern Valley State Prison). (ECF No. 12.)

1

On November 21, 2019, the Sacramento Division court screened the First Amended Complaint and dismissed defendant Lyons from this case based on Plaintiff's failure to state any claims against him. (ECF No. 15.) The court also found that venue for Plaintiff's remaining claims against defendants Gonzales and A. Lucas was proper in the Fresno Division and transferred the case from the Sacramento Division to the Fresno Division. (ECF No. 15.)

On January 21, 2020, Plaintiff filed a motion to reinstate defendant Lyons and transfer this case back to the Sacramento Division. (ECF No. 20.) Plaintiff's motion is now before the court.

## II. CHANGE OF VENUE

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

Pursuant to Local Rule 120(f), a civil action which has not been commenced in the proper division of this court may, on the court's own motion, be transferred to the proper division. Local Rule 120(d) provides that "[a]ll civil . . . actions cognizable in the United States District Court for the Eastern District of California arising in . . . Kern [County] . . . shall be commenced in the United States District Court sitting in Fresno, California [and] "[a]ll civil . . . actions cognizable in the United States District Court for the Eastern District of California arising in . . . Sacramento [County] . . . shall be commenced in the United States District Court sitting in Sacramento, California."

## III. DISCUSSION

Plaintiff argues that his claims against defendant Lyons should not have been dismissed because Plaintiff stated a retaliation claim in the First Amended Complaint against defendant

Lyons for tampering with Plaintiff's 602 grievance in violation of the First Amendment. Plaintiff requests that defendant Lyons be reinstated in this case and the case be transferred back to the Sacramento Division.

This court shall not reinstate defendant Lyons because venue for Plaintiff's claims against defendant Lyons lies in the Sacramento Division, not the Fresno Division. Those claims arose at California State Prison-Sacramento, which is located in the Sacramento Division. Moreover, the order dismissing defendant Lyons was issued by the Sacramento Division court. Under these circumstances, the court finds that the Fresno Division court is not the proper court to reconsider the Sacramento Division's order dismissing defendant Lyons. Therefore, Plaintiff's motion to reinstate defendant Lyons shall be denied.

In contrast, venue for Plaintiff's claims against defendants Gonzales and Lucas lies in the Fresno Division, not the Sacramento Division. Those claims arose at Kern Valley State Prison in Delano, California, which is located in the Fresno Division. Thus, under Local Rule 120, Plaintiff's case against defendants Gonzales and Lucas should have been commenced in the Fresno Division, and the Sacramento Division properly transferred the case to the Fresno Division. Therefore, Plaintiff's motion to transfer this case back to the Sacramento Division shall be denied.

## IV.  CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for reinstatement of defendant Lyons and transfer of this case back to the Sacramento Division, filed on January 21, 2020, is DENIED; and
2. Plaintiff's First Amended Complaint shall be screened in due course.

IT IS SO ORDERED.

Dated: __**January 30, 2020**__          __/s/ Gary S. Austin__
                                        UNITED STATES MAGISTRATE JUDGE

3