UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>            Plaintiff,<br><br>    vs.<br><br>J. LYONS, et al.,<br><br>            Defendants. | **1:19-cv-01650-AWI-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ONLY AGAINST DEFENDANT LUCAS FOR RETALIATION AND VIOLATION OF FREEDOM OF SPEECH UNDER THE FIRST AMENDMENT, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On December 21, 2018, Plaintiff filed the Complaint commencing this action in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1.)

On March 4, 2019, the Sacramento Division court screened the Complaint and issued an order dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 9.) On April 3, 2019, Plaintiff filed the First Amended Complaint against defendants J. Lyons (Appeals Coordinator, California State Prison-Sacramento), C. Gonzales (Appeals Coordinator, Kern Valley State Prison), and A. Lucas (Appeals Coordinator, Kern Valley State Prison). (ECF No. 12.)

On November 21, 2019, the Sacramento Division court screened the First Amended Complaint and dismissed defendant Lyons from this case based on Plaintiff's failure to state any claims against defendant Lyons. (ECF No. 15.) The court also found that venue for Plaintiff's remaining claims against defendants Gonzales and A. Lucas was proper in the Fresno Division and transferred the case from the Sacramento Division to the Fresno Division. (ECF No. 15.)

On October 19, 2020, the court screened the First Amended Complaint and issued an order requiring Plaintiff to either file a Second Amended Complaint or notify the court that he is willing to proceed only with the freedom of speech and retaliation claims found cognizable by the court against defendant Lucas. (ECF No. 22.)

On November 2, 2020, Plaintiff notified the court that he is willing to proceed only with the freedom of speech and retaliation claims found cognizable by the court against defendant Lucas. (ECF No. 23.)

Based on the foregoing, it is **HEREBY RECOMMENDED** that:

1. This action proceed only on Plaintiff's claims against defendant Lucas for retaliation and violation of freedom of speech, under the First Amendment;
2. All remaining claims and defendants be dismissed from this action;
3. Plaintiff's claims for violation of the prison appeals process, denial of access to courts, conspiracy, and violation of equal protection be dismissed from this action based on Plaintiff's failure to state any claims upon which relief may be granted;
4. Defendant Gonzales be dismissed from this action based on Plaintiff's failure to state any claims against him or her upon which relief may be granted; and
5. This case be referred back to the Magistrate Judge for further proceedings, including initiation of service of process.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 4, 2020**          **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE