UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>J. LYONS, et al.,<br><br>　　　　Defendants. | 1:19-cv-01650-AWI-GSA-PC<br><br>**ORDER GRANTING DEFENDANT'S EX PARTE APPLICATION TO MODIFY SCHEDULING ORDER**<br>**(ECF No. 49.)**<br><br>**ORDER EXTENDING EXHAUSTION MOTIONS FILING DEADLINE FROM JANUARY 10, 2022 TO <u>FEBRUARY 28, 2022</u>** |

**I.   BACKGROUND**

Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's First Amended Complaint filed on April 3, 2019, against defendant A. Lucas (Appeals Coordinator) ("Defendant") for violation of freedom of speech under the First Amendment.[1]  (ECF No. 12.)

---

[1] On July 27, 2021, the court dismissed all other claims from this case based on Plaintiff's failure to state a claim.  (ECF No. 36.)

1

On August 26, 2021, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a deadline of November 26, 2021 for filing exhaustion motions. (ECF No. 41.) On November 22, 2021, the court extended the exhaustion motions filing deadline to January 10, 2022. (ECF No. 47.)

On December 29, 2021, Defendant Lucas filed an ex parte application to modify the Discovery and Scheduling Order to extend the exhaustion motions filing deadline to a date on or after February 24, 2022. (ECF No. 49.)

## II.  MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

The court finds good cause to grant Defendant's ex parte application and extend the exhaustion motions filing deadline from January 10, 2022 to February 28, 2022. Defendant has shown that even with the exercise of due diligence, he cannot meet the requirements of the court's Scheduling Order. Therefore, Defendant's motion to modify the Discovery and Scheduling Order shall be granted.

## III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's ex parte application to modify the court's Discovery and Scheduling Order, filed on December 29, 2021, is GRANTED;

2. The deadline for the filing of exhaustion motions is extended from January 10, 2022 to **February 28, 2022**; and

///

3.  All other provisions of the court's August 26, 2021 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:  **January 4, 2022**                              **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE