1

2

3

4

5

6

7      UNITED STATES DISTRICT COURT

8      EASTERN DISTRICT OF CALIFORNIA

9

10   ALLEN HAMMLER,                          **1:19-cv-01650-AWI-GSA-PC**

11            Plaintiff,                      **ORDER GRANTING DEFENDANT
                                              LUCAS'S EX PARTE APPLICATION TO**
12        vs.                                 **MODIFY SCHEDULING ORDER
                                              (ECF No. 51.)**
13   J. LYONS, et al.,
                                              **ORDER EXTENDING DISCOVERY**
14            Defendants.                     **DEADLINE UNTIL <u>MARCH 18, 2022</u> FOR
                                              LIMITED PURPOSE**

15

16   **I.       BACKGROUND**

17            Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*

18   with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's

19   First Amended Complaint filed on April 3, 2019, against defendant A. Lucas (Appeals

20   Coordinator) ("Defendant") for violation of freedom of speech under the First Amendment.[1]

21   (ECF No. 12.)

22            On August 26, 2021, the court issued a Discovery and Scheduling Order establishing

23   pretrial deadlines for the parties, including a deadline of January 26, 2022 to complete discovery.

24   (ECF No. 41.)  On January 25, 2022, Defendant Lucas filed an ex parte application to modify the

25   Discovery and Scheduling Order to extend the discovery deadline for the limited purpose of

26   enabling Defendant to take Plaintiff's deposition.  (ECF No. 51.)

27   _____

28            [1] On July 27, 2021, the court dismissed all other claims from this case based on Plaintiff's failure
     to state a claim.  (ECF No. 36.)

**II.     MOTION TO MODIFY SCHEDULING ORDER**

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  <u>Id.</u>  The court may also consider the prejudice to the party opposing the modification.  <u>Id.</u>  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  <u>Zivkovic v. Southern California Edison, Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002).

The court finds good cause to grant Defendant's ex parte application and extend the discovery deadline to **March 18, 2022**, for the limited purpose of enabling Defendant Lucas to take Plaintiff's deposition. Defendant's motion to modify the Discovery and Scheduling Order shall be granted.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     Defendant's ex parte application to modify the court's Discovery and Scheduling Order, filed on January 25, 2022, is GRANTED;

2.     The discovery deadline is extended from January 26, 2022 to **March 18, 2022** for the limited purpose of enabling Defendant to take Plaintiff's deposition; and

3.     All other provisions of the court's August 26, 2021 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:     __**January 28, 2022**__                    _____**/s/ Gary S. Austin**_____
                                                                        UNITED STATES MAGISTRATE JUDGE