UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>          Plaintiff,<br><br>     vs.<br><br>J. LYONS, et al.,<br><br>          Defendants. | 1:19-cv-01650-AWI-GSA-PC<br><br>**ORDER GRANTING DEFENDANT'S REQUEST TO SEAL DOCUMENTS**<br><br>**ORDER FOR CLERK TO FILE DOCUMENTS UNDER SEAL** |

**I.      BACKGROUND**

Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on April 3, 2019, against defendant A. Lucas (Appeals Coordinator) ("Defendant") for violation of freedom of speech under the First Amendment.[1] (ECF No. 12.)

---

[1] On July 27, 2021, the court dismissed all other claims from this case based on Plaintiff's failure to state a claim. (ECF No. 36.)

1

On February 23, 2022, Defendant Lucas filed a Notice of Request to Seal Documents. (ECF No. 53.) Defendant submitted the Notice, Request to Seal Documents, proposed order, and the documents requested to be sealed to the court for *in camera* review, and asserts that all of the documents were served on Plaintiff via hand delivery, same-day or overnight courier, or by U.S. Mail.

## II.    LOCAL RULE 141

Local Rule 141 governs requests to seal documents. E.D. Cal. L.R. 141. That rule provides that documents may be sealed by order of the court upon the showing required by law. L.R. 141(a). It requires the party making the request to "set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the other documents, and all other relevant information." L.R. 141(b).

The "showing required by law" referred to by our Local Rule is a high one.  The court operates under a strong presumption in favor of access to court records. Ctr. for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096 (2016). Accordingly, a party seeking to file something under seal must present "compelling reasons" supporting the request. Id.

The compelling reasons standard requires the court to: (1) find a compelling reason supporting sealing the record and (2) articulate the factual basis for sealing the record, without relying on hypothesis or conjecture.  Id. at 1096-97.  The court must conscientiously balance the competing interests of the public and the party who wishes to keep the documents private. Id. at 1097. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'"  Id. (quoting Nixon v. Warner Commnc'ns, Inc., 435 U.S. 589, 599 (1978)).   Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction." Id.

In his Request to Seal Documents, Defendant requests the court to seal the following documents:  (1) Defendant's Motion for Terminating and Monetary Sanctions for Plaintiff's Willful Failure to Participate in Deposition; (2) the Declaration of Dr. S. Prasad, and (3) Declaration of Quyen V. Thai.  Defendant also requests the court to return the sealed documents to his counsel after conclusion of the case and any appellate proceedings.

Defendant asserts that the documents contain confidential information regarding Plaintiff's mental health treatment and may be protected by the psychotherapist-patient privilege.

The court has considered Defendant's Request as well as the documents at issue. The court finds that the information sought to be sealed implicates legitimate confidentiality concerns, as well as potentially safety and security concerns and therefore should be protected from disclosure to the public. The documents shall be sealed and maintained electronically on the court's record until conclusion of the case and any appellate proceedings, at which time only the court will have access to them.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Request to Seal Documents, submitted on February 23, 2022, is granted;
2. The Clerk is instructed to file under seal the following:
   (1) Defendant's Motion for Terminating and Monetary Sanctions for Plaintiff's Willful Failure to Attend Deposition, and to Comply with Court Orders;
   (2) Deputy Attorney General Thai's Declaration in support thereof; and
   (3) Dr. S. Prasad's Declaration in support thereof; and
3. The foregoing materials shall be maintained under seal until the conclusion of this case and any appellate proceedings, at which time only the court will have access to them.

IT IS SO ORDERED.

Dated: **March 3, 2022**         **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE