UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>          Plaintiff,<br><br>     vs.<br><br>J. LYONS, et al.,<br><br>          Defendants. | 1:19-cv-01650-AWI-GSA-PC<br><br>**ORDER GRANTING DEFENDANT'S EX-PARTE MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR TERMINATING AND MONETARY SANCTIONS**<br><br>**DEADLINE FOR DEFENDANT TO FILE OPPOSITION:  JUNE 10, 2022**<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO MODIFY THE SCHEDULING ORDER AS DISCUSSED IN THIS ORDER**<br><br>**(ECF No. 65.)** |

**I.     BACKGROUND**

Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's First Amended Complaint filed on April 3, 2019, against defendant A. Lucas (Appeals Coordinator) ("Defendant") for violation of freedom of speech under the First Amendment.[1] (ECF No. 12.)

---

[1] On July 27, 2021, the court dismissed all other claims from this case based on Plaintiff's failure to state a claim.  (ECF No. 36.)

On May 20, 2022, Defendant Lucas filed an ex-parte request for an extension of time to reply to Plaintiff's opposition to Defendant's motion for terminating and monetary sanctions. (ECF No. 65.) Defendant also filed a motion to modify the Court's Discovery and Scheduling Order. (Id.)

## II.     REQUEST FOR EXTENSION OF TIME

Defendant Lucas requests an extension of time to reply to Plaintiff's opposition to Defendant's motion for terminating and monetary sanctions filed on March 4, 2022.   Defendant Declares that COVID-19 related restrictions, including limitation to inmate and staff movement, and severely reduced staffing availability at correctional institutions across California, including California State Prison, Sacramento (CSP-SAC), where Plaintiff is currently housed, resulted in delays in obtaining the necessary documents and declarations. (Id. ¶ 4.) Good cause appearing, Defendant's request shall be granted **until June 10, 2022**.

## III.    MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification. Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendant requests an extension of time to depose Plaintiff and to file a dispositive motion. Defendant declares that she intends to depose Plaintiff and that she attempted to conduct the deposition on January 21, 2022, but was unsuccessful because Plaintiff stood up and walked out of the room as she was speaking to him. (Decl. Deft., ECF No. 65 ¶ 5.)

Defendant requests that the Court allow her to depose Plaintiff thirty days from the date of an order denying Defendant's Motion for Summary Judgment on NonExhaustion, or an order denying Defendant's Motion for Terminating and Monetary Sanctions, whichever is later.

Defendant also requests that the court extend the deadline to file a dispositive motion another sixty days from the deadline to depose Plaintiff.

Presently discovery is closed in this case and the deadline to file dispositive motions is July 1, 2022.  Defendant's pending motion for summary judgment has been fully briefed and submitted to the court.  Local Rule 230(*l*).  The court finds good cause to extend the deadlines in this case.  After Defendant's motion for terminating sanctions has been fully briefed and submitted to the court, the proceedings in this case shall be stayed until after both of Defendant's pending motions have been resolved.  After Defendant's motions have been resolved, the court shall issue a new scheduling order, if needed.

### IV.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's ex-parte motion for an extension of time and motion for modification of the Court's scheduling order, filed on May 20, 2022, are GRANTED;

2. Defendant is granted an extension of time until **June 10, 2022** in which to respond to Plaintiff's opposition to Defendant's motion for terminating and monetary sanctions filed on March 4, 2022;

3. After Defendant's motion for terminating and monetary sanctions has been fully briefed and submitted to the court, the proceedings in this case shall be stayed until after both of Defendant's pending motions have been resolved; and

4. After Defendant's pending motions are resolved, the Court shall issue a new scheduling order, if needed.

IT IS SO ORDERED.

Dated:  **June 1, 2022**                         **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE