UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER, | **1:19-cv-01650-AWI-GSA-PC** |
| Plaintiff, | **ORDER GRANTING DEFENDANT LUCAS'S REQUEST TO SEAL DOCUMENTS** |
| vs. | **ORDER FOR CLERK TO SEAL DOCUMENTS:** |
| J. LYONS, et al., | |
| Defendants. | **(1)  Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Terminating and Monetary Sanctions;** |
| | **(2)  Dr. E. Greene's Declaration; and** |
| | **(3)  Deputy Attorney General Thai's Declaration and the accompanying Exhibit 4 in support of the Reply** |

## I.     BACKGROUND

Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's First Amended Complaint filed on April 3, 2019, against defendant A. Lucas (Appeals Coordinator) ("Defendant") for violation of freedom of speech under the First Amendment.[1] (ECF No. 12.)

---

[1] On July 27, 2021, the court dismissed all other claims from this case based on Plaintiff's failure to state a claim.  (ECF No. 36.)

On June 10, 2022, Defendant filed a Reply to Plaintiff's Opposition to Defendant's Motion for Terminating and Monetary Sanctions, together with the Declaration of Dr. Greene and the Declaration of Quyen V. Thai with Exhibits 4-8.  (ECF Nos. 70, 70-1, & 70-2.)  Also on June 10, 2022, Defendant filed a Notice of Request to Seal Documents.  (ECF No. 71.)  Defendant also emailed chambers an *in camera* Request to Seal the following pages of documents identified in the public Notice of Request to Seal:  (1) Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Terminating and Monetary Sanctions; (2) Dr. E. Greene's Declaration; and, (3) Deputy Attorney General Thai's Declaration and the accompanying Exhibit 4 in support of the Reply.[2]

## II.   SEALING DOCUMENTS

Federal courts have recognized a strong presumption that judicial records are accessible to the public.  Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."  Id. (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003).   Generally, if a party seeks to seal a document attached to a dispositive motion, the party bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings" to justify sealing the records at issue.  Kamakana, 447 F.3d at 1178.

Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction," and the Supreme Court has acknowledged that the decision to seal documents is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case," Nixon v. Warner Communications, Inc., 435 U.S. 589, 599, 98 S.Ct. 1306, 1312 (1978).  Courts should consider "the interests [of] the parties in light of the public interest and the duty of the courts."  Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting Nixon, 435 U.S. at 602).

---

[2] Defendant asserts that due to time constraints and filing deadline, Defendant concurrently files these documents publicly.  Defendant requests that the Court seals the documents upon granting the request.

"Under the 'compelling reasons' standard, a district court must weigh 'relevant factors,' base its decision 'on a compelling reason,' and 'articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (quoting Hagestad, 49 F.3d at 1434).  In general, when "'court files might have become a vehicle for improper purposes' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets," there are "compelling reasons" sufficient to outweigh the public's interest in disclosure.  Kamekana, 447 F.3d at 1179 (internal citations and alterations omitted).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. (citing Foltz , 331 F.3d at 1136.

## III.    DEFENDANT'S REQUEST TO SEAL DOCUMENTS

Defendant requests the Court to seal certain documents in this case in an abundance of caution on the ground that the documents contain information regarding Plaintiff's mental health treatment.  Defendant requests that the Court maintain the documents filed under seal until the conclusion of this case and any appellate proceedings, after which time the Clerk shall return the documents or destroy the copies.

The court recognizes that the need to protect medical privacy has qualified as a "compelling reason," for sealing records in connection with a dispositive motion.  See, e.g., San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co., No. C 10–02258 SBA, 2011 WL 89931, at *1 n. 1 (N.D.Cal. Jan.10, 2011); Abbey v. Hawaii Emp'r Mut. Ins. Co., Civil No. 09–000545 SOM/BMK, 2010 WL 4715793, at * 1–2 (D.Haw. Nov.15, 2010); Wilkins v. Ahern, No. C 08–1084 MMC (PR), 2010 WL 3755654, at *4 (N.D.Cal. Sept.24, 2010); Lombardi v. Tri West Healthcare Alliance Corp., 2009 WL 1212170, at *1 (D.Ariz. May 4, 2009); Battle v. Martinez, 2:16-cv-0411-TLN-CKD, 2017 WL 445736 at *3 (E.D.Cal. Feb. 2, 2017).

The Court has considered Defendant's Request and the documents at issue.  The Court finds that the information sought to be sealed implicates legitimate confidentiality concerns as well as potentially safety and security concerns, therefore they should be protected from

disclosure to the public.  Accordingly, the Court shall grant Defendant's request in part.  Because Defendant filed the documents publicly, the Clerk shall be instructed to change the public filing and seal the following:  (1) Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Terminating and Monetary Sanctions; (2) Dr. E. Greene's Declaration; and (3) Deputy Attorney General Thai's Declaration and the accompanying Exhibit 4 in support of the Reply.  However, Defendant's request for the Court to return the documents to counsel or discard them at the conclusion of this case shall be denied.  The documents shall be maintained under seal on the Court's electronic document filing system.

## IV.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Defendant's request to seal documents, submitted on June 10, 2022, for *in camera* review, is GRANTED; and

2.    The Clerk of Court is DIRECTED to change the public filing, and seal the following documents:

(**1**) Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Terminating and Monetary Sanctions (ECF No. 70);

(**2**) Dr. E. Greene's Declaration (ECF No. 70-1); and

(**3**) Deputy Attorney General Thai's Declaration and the accompanying Exhibit 4 in support of the Reply (ECF No. 70-2 pp. 1-20);

3.    The foregoing material shall be maintained under seal on the Court's electronic document filing system.

IT IS SO ORDERED.

Dated:   __June 13, 2022__              _____**/s/ Gary S. Austin**_____
                                                        UNITED STATES MAGISTRATE JUDGE

4