UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>J. LYONS, et al.,<br><br>　　　　Defendants. | **1:19-cv-01650-AWI-GSA-PC**<br><br>**ORDER STRIKING IMPERMISSIBLE SURREPLY**<br>**(ECF No. 73.)** |

## I.　BACKGROUND

Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's First Amended Complaint filed on April 3, 2019, against defendant A. Lucas (Appeals Coordinator) ("Defendant") for violation of freedom of speech under the First Amendment.[1] (ECF No. 12.)

On March 4, 2022, Defendant filed a motion for terminating and monetary sanctions against Plaintiff.  (ECF No. 57.)  On May 24, 2022, Plaintiff filed an opposition to the motion. (ECF No. 68.)  On June 10, 2022, Defendant filed a reply to the opposition.  (ECF No. 70.)  On

---

[1] On July 27, 2021, the court dismissed all other claims from this case based on Plaintiff's failure to state a claim.  (ECF No. 36.)

1

December 22, 2022, Plaintiff filed an addendum to his opposition to the motion.  (ECF No. 73.)  The Court construes Plaintiff's addendum to the opposition as an impermissible surreply.

**II.     SURREPLY**

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed.  USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited March 1, 2021).  The Local Rules provide for a motion, an opposition, and a reply.  Neither the Local Rules nor the Federal Rules provide the right to file a surreply.  A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief."  Hill v. England, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

Plaintiff's addendum to his opposition to Defendant's motion is a surreply because it was filed on December 2, 2022, after Defendant's motion was fully briefed.  The motion for terminating and monetary sanctions was fully briefed and submitted on the record under Local Rule 230(*l*) on June 10, 2022, when Defendant filed a reply to Plaintiff's opposition.  (ECF No. 70.)  In this case, the court neither requested a surreply nor granted a request on the behalf of Plaintiff to file a surreply.  Plaintiff has not shown good cause for the court to allow him to file a surreply at this juncture.  Therefore, Plaintiff's surreply shall be stricken from the record.[2]

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's surreply, filed on December 22, 2022, is STRICKEN from the court's record.

IT IS SO ORDERED.

Dated:  **January 4, 2023**            **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE

---

[2] A document which is 'stricken' will not be considered by the Court for any purpose."  (Informational Order, ECF No. 16 at 2 ¶II.A.)