# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>LYONS, et al.,<br><br>　　　　　Defendants. | 1:19-cv-01650-AWI-GSA-PC<br><br>**ORDER UNSEALING DOCUMENTS SEALED BY THE COURT ON MARCH 4, 2022**<br><br>**ORDER FOR CLERK TO UNSEAL DOCUMENTS 57 & 59** |

**I.　BACKGROUND**

Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on April 3, 2019, against defendant A. Lucas (Appeals Coordinator) ("Defendant") for violation of freedom of speech under the First Amendment.[1] (ECF No. 12.)

---

[1] On July 27, 2021, the court dismissed all other claims from this case based on Plaintiff's failure to state a claim. (ECF No. 36.)

1

## II. LEGAL STANDARDS

Courts recognize a constitutional right to privacy, as well as a doctor-patient and psychotherapist-patient privilege. Kindred v. Price, No. 119CV00955AWIJLTPC, 2020 WL 3288464, at *1 (E.D. Cal. June 18, 2020) (citing see, e.g., Jaffee v. Redmond, 518 U.S. 1, 15 (1996); Marin Caesar v. Mountanos, 542 F.2d 1064, 1067 (9th Cir. 1976); Anderson v. Clawson, No. C-13-0307-LHK (PR), 2014 WL 3725856, at *2 (N.D. Cal. 2014). However, a party's right and privilege are waived when he raises an otherwise protected matter before the Court. Id. (citing see, e.g., Caesar, 542 F.2d at 1070.) For example, a party waives the psychotherapist-patient privilege when he seeks monetary damages for emotional distress, since he has placed his mental condition at issue in the case. Id. (citing e.g., Enwere v. Terman Assocs., L.P., No. C-07-1239-JF-PVT, 2008 WL 5146617, at *3 (N.D.Cal. 2008); Doe v. City of Chula Vista, 196 F.R.D. 562, 568 (S.D. Cal. 1999). However, even when a party waives his right to privacy on a matter, the waiver is limited to information that is relevant to the lawsuit. Id. (citing Enwere, 2008 WL 5146617, at *2 (citation omitted). This limitation coincides with the Federal Rules' mandate that discovery be limited to matters that are relevant to a party's claim or defense. Id. (citing see Fed. R. Civ. P. 26(b)(1)).

## III. DISCUSSION

Plaintiff's operative claims are for violation of freedom of speech and retaliation under the First Amendment based on allegations that Defendant Lucas, Appeals Coordinator, rejected Plaintiff's prison appeal in retaliation for Plaintiff using offensive language in the appeal. As relief, Plaintiff requests monetary damages.

The Court does not find that Plaintiff placed his mental condition at issue when he filed this lawsuit. Plaintiff does not allege emotional or psychological injuries, and he does not explicitly seek damages for such injuries. However, evidence shows that during the pendency of this action Plaintiff waived his right to privacy in his mental health condition and treatment when he filed his opposition to Defendant's Motion for Terminating and Monetary Sanctions.

On March 4, 2022, Defendant filed a Motion for Terminating and Monetary Sanctions for Plaintiff's Willful Failure to Participate in a Deposition ("Motion for Sanctions"), with two

supporting Declarations. (ECF Nos. 57, 58, 59.) The Court filed these three documents under seal based on evidence that the documents contain confidential information regarding Plaintiff's mental health treatment and may be protected by the psychotherapist-patient privilege. (ECF No. 56.)

On May 24, 2022, Plaintiff filed an opposition to Defendant's Motion for Sanctions. (ECF No. 68.) In the opposition, Plaintiff discussed his mental health condition and treatment alleging that "in each of the instances alluded to in [Defendant's] motion – where I had reported suicidal [ideations] (S.I.) I did so adhering to Psychologist(s)' Order/Directions noted in my Safety Plan which is to date still operative. See Exhibit "A" hereto, CDCR Mental Health Safety Plan written by Dr. Green (in his hand)." (ECF No. 68 at 2.) The Mental Health Safety Plan refers to "Warning Signs (thoughts, images, mood, situation, behavior) that a crisis may be developing," including Suicidal Ideation, Safety Concerns, and Anger. (ECF No. 68 at 14.)

By acknowledging that he is under the care of a psychologist, has reported suicidal ideations, and was adhering to a Mental Health Safety Plan to avoid a crisis from developing, Plaintiff waived his privacy rights in these aspects of his mental health condition and treatment. See Barnes v. Glennon, 2006 WL 2811821, at *4 (N.D.N.Y. Sept. 28, 2006) ("Although the release of the medical records was not pursuant to a discovery order or by consent, the release, nevertheless, did not violate Plaintiff's constitutional right to privacy since medical conditions were at the heart of the argument presented by Plaintiff. . . ."); Woods v. Goord, 2002 WL 731691, at *11 (S.D.N.Y. Apr. 23, 2002) ("It is settled law that release of an inmate's medical records in defense of litigation does not violate any right of the inmate when he has filed suit against prison officials.") (citing Gill v. Gilder, 1997 WL 419983, at *2 (S.D.N.Y. July 28, 1997); Ferrell v. Glen–Gery Brick, 678 F.Supp. 111, 112–13 (E.D.Pa. 1987) ("when a party places his or her physical or mental condition in issue, the privacy right is waived")).

Plaintiff also filed, as an exhibit to his opposition, a copy of the Declaration of Quyen V. Thai, counsel for Defendant, filed on March 4, 2022 in support of Defendant's Motion for Sanctions. (ECF No. 68 at 19 (Exh. C)). In the Declaration, Quyen V. Thai declared as follows:
///

"On October 18, 2021, approximately five minutes before Plaintiff was scheduled to be deposed at 8:00 a.m. for case <u>Hammler v. Franklin</u>, No. CV 18-5525-JGB (SP), I was informed that Plaintiff had refused to leave his cell and reported suicidal ideation. The deposition was re-scheduled to November 4, 2021 at 8:00 a.m. However, twenty (20) minutes before the deposition was scheduled to begin, Plaintiff reported suicidal ideation again. On both dates, Plaintiff immediately recanted his reports upon inquiries by mental health staff. Based on Plaintiff's mental health records, Plaintiff engaged in a pattern of falsely reporting suicidal ideation in order to lodge non-emergency complaints about the custodial staff. Further, nothing in Plaintiff's record indicates that his reports of suicidal ideation were the result of mental health issues, or outside of Plaintiff's control."

(ECF No. 68 at 22¶ 15.)

By filing his opposition to Defendant's Motion for Sanctions with exhibits including a copy of Quyen V. Thai's Declaration addressing Plaintiff's mental health records, Plaintiff has waived his right to privacy in his mental health condition and treatment addressed in Defendant's Motion for Sanctions and Quyen V. Thai's Declaration. Based on this finding, the Court shall issue an order unsealing the Motion for Sanctions (ECF No. 57) and Declaration of Quyen V. Thai (ECF No. 59) that were sealed pursuant to the Court's order issued on March 4, 2022.

### IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Court finds that Plaintiff has waived his right to privacy in his mental health condition and treatment addressed in Defendant's Notice of Motion and Defendant's Motion for Terminating and Monetary Sanctions for Plaintiff's Willful Failure to Participate in Deposition, filed under seal on March 4, 2022 (ECF No. 57) and the Declaration of Quyen V. Thai in Support of Defendant's Motion for Terminating Sanctions, filed under seal on March 4, 2022 (ECF No. 59); and

///

2. The Clerk of Court is directed to unseal the following two documents:

(1) Notice of Motion and Defendant's Motion for Terminating and Monetary Sanctions for Plaintiff's Willful Failure to Participate in Deposition, filed On March 4, 2022 (ECF No. 57);

(2) Declaration of Quyen V. Thai in Support of Defendant's Motion for Terminating Sanctions, filed on March 4, 2022 (ECF No. 59).

IT IS SO ORDERED.

Dated: **January 13, 2023**              **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE