# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ALLEN HAMMLER,

          Plaintiff,

   vs.

LYONS, et al.,

          Defendants.

**1:19-cv-01650-AWI-GSA-PC**

**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT LUCAS'S MOTION FOR TERMINATING AND MONETARY SANCTIONS BE DENIED**

**(ECF No. 57.)**

**OBJECTIONS DUE WITHIN FOURTEEN DAYS**

## I.    BACKGROUND

Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on April 3, 2019, against defendant A. Lucas (Appeals Coordinator) ("Defendant") for retaliation and violation of freedom of speech under the First Amendment.[1] (ECF No. 12.)

---

[1] On July 27, 2021, the court dismissed all other claims from this case based on Plaintiff's failure to state a claim. (ECF No. 36.)

On March 4, 2022, Defendant Lucas filed a Motion for Terminating and Monetary Sanctions for Plaintiff's Willful Failure to Participate in Deposition ("Motion for Sanctions"). (ECF No. 57.)  On May 24, 2022, Plaintiff filed an opposition to the motion. (ECF No. 68.)  On June 10, 2022, Defendant filed a reply to the opposition. (ECF No. 70.)  Defendant Lucas's Motion for Sanctions is now before the court.  Local Rule 230(*l*).

## II.   LEGAL STANDARDS

Rule 16(f) of the Federal Rules of Civil Procedure allows the court, on motion or its own, to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f)(1), (f)(1)(C).  Rule 37(b)(2) provides that if a party "fails to obey an order to provide or permit discovery, including an order under [Rule 37(a)], the court . . . may issue further just orders[,]" including the sanction of dismissal.  Id. Rule 37(b)(2)(A)(v); see also id. Rule 37(d)(1)(A) (permitting court to order sanctions if a party fails to attend its own deposition).  Under Rule 41(b), "If the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order, a defendant may move to dismiss the action or any claim against it."  Id. Rule 41(b).  The standards governing dismissal under Rules 41(b), 16(f), and 37(b)(2) are essentially the same.  Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (holding that standards for Rules 16(f) and Rule 37(b)(2) are "basically the same"); Price v. McGlathery, 792 F.2d 472, 474 (5th Cir. 1986) (stating that same criteria apply to dismissals under Rules 41(b) and 16(f)).  "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances."  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions.  Malone, 833 F.2d at 130.  It is preferred but not required that a district court make explicit findings to show that it has considered these factors.  Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).  These factors "are not a series of conditions

2

precedent before the judge can do anything," but a "way for a district judge to think about what to do."  Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a . . . dismissal sanction.  Thus[,] the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990); see also Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990).

## III.   DEFENDANT LUCAS'S MOTION

Defendant Lucas moves for an order under Rules 37 and 41 of the Federal Rules of Civil Procedure imposing terminating and monetary sanctions on Plaintiff for his failure to attend and participate in his properly noticed deposition, and for failure to comply with the Court's Discovery and Scheduling Order.

### A.   **Request for Judicial Notice** (ECF No. 60.)

Defendant Lucas requests the Court to take judicial notice of the following:

1.    Civil Docket Hammler v. Kirkland, Case No. 34-2016-00197599-CL-PO-GDS (Sacramento County Superior Court). Attached as Exhibit 1 is the Minute Order issued on February 21, 2017 declaring Plaintiff a vexatious litigant pursuant to California Code of Civil Procedure section 391(b)(1).

2.    Civil Docket Hammler v. Wright, No. 2:15-cv-01645-TLN-EFB (E.D. Cal. terminated February 21, 2020). Attached as Exhibit 2 is the Order issued on February 11, 2021, denying Plaintiff's request to re-open the case after it was dismissed because Plaintiff failed to board the transport van to his own trial.

3.    Civil Docket Hammler v. Hernandez, No. 3:18-cv-00259-CAB-MDD (S.D. Cal. terminated December 21, 2020). Attached as Exhibit 3 is the defendants Hernandez and Magallanes' motion for terminating and monetary sanctions.  Attached as Exhibit 4 is the Report and Recommendation to grant Defendant's Motion for Termination Sanctions and dismiss action due to plaintiff's failure to participate in his deposition and to comply with court orders, issued on November 17, 2020.

///

4.      Civil Docket <u>Hammler v. Franklin</u>, No. 2:18-cv-05525-JGB-SP (C.D. Cal. filed June 21, 2018). Attached as Exhibit 5 is Deputy Attorney General Thai's Declaration in support of defendant Franklin's motion, and the accompanying transcript.  Attached as Exhibit 6 is the Order issued on September 9, 2021, finding that Plaintiff "impeded, delayed and frustrated his deposition in several ways," and granting Defendant Franklin's motion to compel plaintiff's deposition testimony.

5.      Civil Docket <u>Hammler v. Gooch</u>, No. 1:19-cv-00653-AWI-EPG (E.D. Cal. filed May 14, 2019). Attached as Exhibit 7 is the defendants Gooch, Burnes and Salcedo's motion for discovery sanctions.

"Courts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute." <u>United States v. Ritchie</u>, 342 F.3d 903, 908-09 (9th Cir. 2003) (citing Fed. R. Evid. 201(b)).  "Facts are indisputable, and thus subject to judicial notice, only if they either 'generally known'. . . or capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned[.]" <u>Id.</u> at 909.

Courts may take judicial notice of records and filing of other court proceedings. <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007); <u>Bennett v. Medtronic, Inc.</u>, 285 F.3d 801, 802 n.2 (9th Cir. 2002).  Documents that are part of the public record may be judicially noticed to show, for example, that a judicial proceeding occurred or that a document was filed in another court case, but a court may not take judicial notice of findings of facts from another case. <u>Walker v. Woodford</u>, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006) <u>aff'd in part</u>, 393 F. App'x 513 (9th Cir. 2010) (citing <u>see</u> <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1114 & n. 5 (9th Cir. 2003); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001); <u>U.S. v. Jones</u>, 29 F.3d 1549, 1553 (11th Cir. 1994).

The five documents submitted by Defendant for judicial notice are matters of public record whose authenticity is not disputed, and the court will take judicial notice of them.

**B.      <u>Relevant Background</u>**

Defendant reports that Plaintiff has filed more than fifty lawsuits and court appeals while incarcerated, currently maintains at least twelve lawsuits other than this one in the federal courts,

4

and has been declared a vexatious litigant by the Sacramento County Superior Court since 2017. (Defendant's Request for Judicial Notice, RJN, No. 1, Exh. 1.)  Plaintiff also has accumulated at least three strikes in federal courts and had numerous actions dismissed for failure to state a claim or for frivolousness, most of which occurred after the filing of this instant lawsuit:  See Hammler v. Director of CDCR, No. 1:17-cv-00097-NJV (N.D.Cal. terminated Apr. 2017) (screened out for failure to state a cognizable claim, and Plaintiff did not amend the complaint); see also Hammler v. Kernan et al., No. 3:18-cv-01170 (S.D.Cal. terminated December 10, 2018) (dismissed for failure to state a claim and as frivolous); see also Hammler v. Hudson, No. 2:16-cv-01153-JAMEFB (E.D.Cal. terminated May 2019) (failure to state a claim was apparent on the face of the complaint); see also Hammler v. Hough, No. 3:18-cv-01319-LAB-BLM (S.D.Cal. terminated May 2019) (dismissed as frivolous); see also Hammler v. Director of CDCR et al., No. 2:17-cv-01949-MCE-DB (E.D.Cal. terminated Mar. 2020) (dismissed as frivolous); see also Hammler v. Baughman et al., No. 2:19-cv-00245 (E.D.Cal. terminated May 2020) (dismissed for failure to state a claim); see also Hammler v. Peterson, No. 2:19-cv-00524-MCE-CKD (E.D.Cal. May 2020) (same); see also Hammler v. Alvarez et al., No. 3:18-cv-00326-AJB-WVG (S.D.Cal. terminated Oct. 2020) (same); see also Hammler v. State of California, No. 1:19-cv-00784-BAMDAD (E.D.Cal. terminated Nov. 2020) (same); see also Hammler v. Oliviera, No. 1:19-cv-00417-JLT (E.D.Cal. terminated Jun. 2020) (screened out for failure to state a cognizable claim, and Plaintiff did not amend the complaint).  Defendant also reports that Plaintiff has had at least three appeals certified as frivolous and not taken in good faith:  See Hammler v. Alvarez, et al., No. 19-56094 (9th Cir. 2020); see also Hammler v. Hough et al., No. 19-55732 (9th Cir. 2020); see also Hammler v. Kernan, No. 20-56421 (9th Cir. 2020).

The instant case, filed on December 21, 2018, Plaintiff alleges that Defendant retaliated against Plaintiff and violated Plaintiff's right to free speech when he screened out Plaintiff's prison appeal that contained the word "bullshit."  (ECF No. 12.)  Before the close of discovery, Defendant noticed Plaintiff's deposition for January 21, 2022 at California State Prison-SAC, where Plaintiff is incarcerated.  The notice was served on Plaintiff who did not make any

///

objection to having his deposition taken.  (Thai Declaration, ECF No. 59 at 1 ¶3.)  Defendant alleges that thereafter Plaintiff refused to attend his properly noticed deposition.

### 1.    Plaintiff Refused to Attend the Properly Noticed Deposition

Special efforts were made to ensure Plaintiff could attend the deposition for this case.  It was challenging because of a statewide modified program that severely restricted movement of staff and inmates in an effort to reduce exposure to Covid-19; and due to Plaintiff's custody status Plaintiff requires supervision by two correctional officers during the entire deposition.  (Id. at ¶¶ 3-6.)

On January 21, 2022, Plaintiff appeared at the deposition.  (Id. at 2 ¶7.)  However, before the record began, Plaintiff stated that he was not going to sit for the deposition because he did not have a pen.  (Id.)  Defense counsel explained that the court reporter would transcribe the deposition, but Plaintiff insisted that he had a right to have a pen and refused to proceed.  (Id.) Defense counsel attempted to explain to Plaintiff that he could put his objections on the record but he must sit for the deposition, but Plaintiff stood up and left the room without saying a word. (Id.)  Believing that Plaintiff intended to terminate the deposition, defense counsel terminated it. (Id. at 2 ¶8.)  Plaintiff returned; however, based on Plaintiff's conduct in this case and in previous cases, defense counsel decided to terminate the deposition and seek sanctions.  (Id. at 2-3 ¶8.)

### 2.    Similar Behavior in Other Cases

Defendant Lucas describes Plaintiff's similar behavior in other cases in which Plaintiff interfered with his deposition or trial and was warned by several courts but showed no indication that he would change his behavior.  In Hammler v. Wright, No. 2:15-cv-01645-TLN-EFB (E.D. Cal.).  Plaintiff refused to board the transport van to his jury trial.  (Defendant's RJN No. 2, Exh. 2 at 2.)

In Hammler v. Hernandez, No. 3:18-cv-00259-CAB-MDD (S.D. Cal.), Plaintiff failed to participate in two depositions  In the first one, Plaintiff repeatedly refused to answer any question that he did not deem relevant, and refused to participate unless he could describe what he alleged occurred during his escort to the deposition, which was not relevant to the claims in that case. (RJN No. 3, Exh. 3 at 6.)  At a settlement conference after the deposition, Plaintiff was advised

by Magistrate Judge Dembin that his behavior at the deposition was not appropriate, and was reminded that his failure to cooperate at the second deposition may result in terminating sanctions. (Id.)

Despite the warning by Magistrate Judge Dembin, Plaintiff again refused to participate in the second deposition in September 2020. (Id. at 8.) At the second deposition, Plaintiff refused to answer questions, gave non-responsive narrative answers, spoke profanely, and refused to act with civility. (RJN No. 3, Exh. 4 at 8-9.) When defense counsel redirected Plaintiff to only answer the questions posed and reminded Plaintiff of the court's admonishment, Plaintiff "became angry, stood up, and yelled into the camera and swore, 'You know you're not in any fucking position to tell me what you appreciate.'" (Id. at 8-9.) Plaintiff also threatened to end the deposition and repeatedly raised his voice at defense counsel. (Id. at 9.) Eventually, defense counsel suspended the deposition. (Id.) Before leaving the deposition room, Plaintiff stated that defense counsel "needs mental health." (Id. at 10.)

The court in Hernandez found that Plaintiff's conduct "show[ed] bad faith." After balancing the five-factors outlined by the Ninth Circuit, the court terminated the action, in hopes that "sanctions in [that] case may deter similar conduct in Plaintiff's other lawsuits." (see RJN No. 3, Exh. 4 at 9: 17-19).

Despite sanctions in the form of termination of the action, Plaintiff continued to litigate in bad faith. (Id.) In Hammler v. Franklin, No. CV 18-5525 JGB (SP) (C.D. Cal., filed June 21, 2018), Plaintiff failed to participate in his own deposition three times. (Thai Declaration, ECF No. 59 at 3-4 ¶12.) At the first one, Plaintiff refused to go on the record, repeatedly spoke over defense counsel, and walked to the door multiple times in attempts to terminate the deposition. When told the record would begin, Plaintiff packed up his case files and walked out of the room, then walked back inside once the video recording began. While on record, Plaintiff directed questions at a non-party and non-witnesses, and attempted to conduct his own deposition. He improperly attempted to terminate the deposition when the non-party, non-witness correctional officer did not answer Plaintiff's questions. (RJN No. 4, Exh. 5 at 14-18.) Plaintiff was

///

admonished that if he continued to disrupt discovery or failed to comply with the court's directives and rules, he may face terminating sanctions.

Despite court admonishments, Plaintiff willfully failed to attend the next two depositions on October 18 and November 4, 2021. On both occasions, when Plaintiff was scheduled to be deposed, he reported suicidal ideation, only to immediately recant his reports upon inquiries and evaluation by mental health staff. Since Plaintiff's reports of suicidal ideation appear disingenuous, Plaintiff's failure to attend the noticed depositions was willful.

## C.   The Court Should Terminate this Action for Plaintiff's Repeated Failure to Comply with Court Orders

Defendant argues that Plaintiff's failure to attend the properly noticed deposition in this case was willful, and that an analysis of the five Malone factors shows that dismissal is warranted:

### 1.   Willful Interference

Defendant argues that Plaintiff's refusal to sit for the deposition in this case on January 21, 2022 was not outside of Plaintiff's control, and therefore his refusal was willful for the following reasons. See Fjelstad v. American Honda Motor Co., Inc, 762 F.2d 1334, 1341 (9th Cir. 1985): (1) Plaintiff's belief that he "had a right" to have a pen is not grounded in any legal authority, (2) Plaintiff was previously admonished by another court that he could put objections on the record, but that he must still answer questions at a deposition. (See RJN No. 4, Exh. 6 at 6.); (3) Plaintiff is an experienced litigant who has filed more than fifty lawsuits, and who has been admonished by multiple courts that he must attend and participate in properly noticed depositions; (4) Plaintiff was explicitly cautioned by this Court that "the failure of Plaintiff to attend, be sworn, and answer appropriate questions may result in sanctions . . . includ[ing] dismissal of the action  . ." (Discovery & Scheduling Order, ECF No. 41 at 3:13-15); and (5) Yet Plaintiff continued to refuse to participate in his own deposition, and asserted the "right" to have a pen during his own recorded and transcribed deposition. Defendant asserts that Plaintiff's conduct at the January deposition is consistent with the pattern of abusive litigation tactics in which Plaintiff regularly engages. Just as Plaintiff improperly threatened to end the deposition in Hernandez, Plaintiff also improperly terminated the deposition in this case by standing up and

leaving the deposition room as defense counsel was speaking. Just as Plaintiff willfully failed to comply with the court's order in <u>Wright</u> and failed to attend his own jury trial in a case he initiated, Plaintiff also willfully failed to comply with this court's order to "attend, be sworn, and answer appropriate questions" in this case. Just as Plaintiff failed to comply with the court's order in <u>Gooch</u> and failed to provide discovery to the defendants, Plaintiff also failed to comply with this Court's order in this case and failed to provide discovery to Defendant.

### 2. **Fair Warning**

Defendant asserts that Plaintiff was warned more than once throughout his cases that his failure to comply with the Federal Rules of Civil Procedure and the Court's orders could result in sanctions, including termination. In <u>Hammler v. Hernandez</u>, defense counsel admonished Plaintiff that his failure to answer questions could result in sanctions. At a settlement conference after the deposition, Plaintiff was advised by the Magistrate Judge that his behavior at the deposition was not appropriate and was reminded that his failure to cooperate at the second deposition may result in terminating sanctions. In the instant case, <u>Hammler v. Lyons</u>, Plaintiff refused to let counsel read him any admonishment, but his conduct at the deposition was found to have "impeded, delayed and frustrated his deposition." (RJN No. 4, Exh. 6 at 4.) The Court advised Plaintiff that "[a] deponent may refuse to answer a question *only* under very limited circumstances." (<u>Id.</u> at 6.) (emphasis in original).

### 3. **The Public's Interest in Expeditious Resolution of Litigation and the Court's Need to Manage its Docket Weigh in Favor of Dismissal**

Defendant argues that the first factor, the public's interest in expeditious resolution of cases, weighs in favor of dismissal, especially because Plaintiff caused Defendant to terminate the deposition and seek extensions to obtain Plaintiff's testimony, delaying the speedy resolution of this case. The second factor, the Court's need to manage its docket, weighs in favor of dismissal because Plaintiff's behavior in this case caused the Court to address Plaintiff's failure to comply with discovery obligations.

///

///

### 4.    Defendant is Severely Prejudiced by Plaintiff's Failure to Attend the Properly Noticed Deposition

Defendant argues that the third factor also weighs in favor of dismissal because prejudice is presumed from unreasonable delay, and Plaintiff's willful misconduct caused unnecessary delay in this action.  Also, Defendant suffered undue prejudice because he could not defend against Plaintiff's claims when Plaintiff deliberately refused to participate in his depositions. Next, Plaintiff's failure to appear for his deposition also placed an undue financial burden on Defendant. Not only did Defendant have to prepare for and pay for the cost of the deposition, Defendant's counsel had to spend time and resources to conduct legal research and prepare the Motion for Sanctions.  Finally, Plaintiff cannot provide a non-frivolous excuse for his delay because not having a pen cannot be a legitimate reason for refusing to sit for a deposition.

### 5.    Public Policy Favoring Merits-Based Resolution Does Not Weigh in Favor of a Litigant who Hinders the Defense on the Merits

Defendant argues that the fourth factor generally weighs against dismissal.  However, as here, this factor "lends little support" where the behavior of the party against whom dismissal is sought impeded disposition of the case on its merits.  In re: Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006); Sanchez v. Rodriguez, 298 F.R.D. 460, 472 (C.D.Cal 2014.)  ("While the fourth factor of the test generally tends to cut against dismissal as a sanction, the public policy favoring the disposition of cases on their merits is not furthered by litigants who . . . refuse to provide the defense with critical discovery, thereby hindering the preparation of a defense on the merits.") Defendant also cites Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1022 (9th Cir. 2002), which holds that this factor does not preclude dismissal where the other factors weigh in favor of dismissal.

### 6.    No Lesser Alternative Sanctions Are Available

Here, Defendant asserts that Plaintiff has been warned that failure to comply with discovery obligations and failure to comply with a court's order may result in dismissal of the action.  (See RJN Nos. 2-4.)

///

Defendant argues that monetary sanctions will not suffice because Plaintiff is proceeding *in forma pauperis*; and evidentiary sanctions would also be ineffective, as Plaintiff would still be able to testify to information he effectively withheld from Defendant, and the Court would have no practical way of excluding such testimony. Defendant also argues that Plaintiff has already shown that no amount of judicial admonishment would deter him from future misconduct. Plaintiff already had at least one other case dismissed for his failure to participate in a deposition, (RJN No. 3), and one other case dismissed for his failure to board the transport van to his trial, (RJN No. 2.) Defendant therefore concludes that no sanction other than dismissal will suffice, and this factor weights in favor of dismissal.

## 1V.  DISCUSSION

The Court must consider five factors "before resorting to the penalty of dismissal." Connecticut General Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007). In considering Defendant's motion for terminating sanctions, the court acknowledges the applicability of Rules 37(b)(2)(A)(v) and 41(b) and Local Rule 110 in this matter and that they all support the sanction of dismissal for failure to cooperate in discovery and failure to comply with a court order. However, Defendant's arguments do not support the conclusion that the delay in the proceedings caused by Plaintiff was a willful failure to participate in the deposition, even if Plaintiff was sufficiently warned that his case could be dismissed for failure to attend a deposition. The Court has considered the five Malone factors as the law requires. Hoffmann v. Price, No. 2:15-cv-1527 DB P, 2019 U.S.Dist.LEXIS 21104, at *19 (E.D.Cal. Feb. 8, 2019.)

### Willful Interference

A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe . . . Price v. Diaz, No. 118CV01146DADEPGPC, 2020 WL 2126779, at *2 (E.D. Cal. May 5, 2020), report and recommendation adopted, No. 118CV01146DADEPGPC, 2020 WL 3802691 (E.D. Cal. July 7, 2020) (citing Connecticut General Life Ins. Co., 482 F.3d at 1096.) Only "willfulness, bad faith, and fault" justify terminating sanctions. Id. (quoting Connecticut General Life Ins. Co, at 1096.)

///

In opposition to Defendant's argument that Plaintiff willfully interfered with the deposition in Plaintiff's case <u>Hammler v. Franklin</u>, Plaintiff asserts that he reported suicidal ideation because he was adhering to his psychologist's instructions in his Mental Health Safety Plan.  He also alleges that correctional officers and other prison staff, including the Psych. Techs, sought to cause him distress by giving him the wrong medication and contaminating his pills. Plaintiff claims that he was not seeking to avoid the deposition, and he told Sergeant Olivas "to inform [Litigation Coordinator] Williams not to cancel the deposition, because [he would] be able to attend in a short time once his medication issue had been sorted."  (ECF No. 68 at ¶10.) Plaintiff reports that he was told that defense counsel Thai wanted to reschedule even if informed that [Plaintiff] would be attending.  (<u>Id.</u>)

Thus, Plaintiff argues that his failure to attend the deposition in <u>Franklin</u> was not willful. Nevertheless, Plaintiff's refusal to attend his deposition in <u>Franklin</u> is not comparable to his behavior at the deposition in the instant case, <u>Lyons</u>.  Here, Plaintiff delayed the start of the deposition because, as he asserts,  he did not have his Bic pen, which he had retrieved and thought he had brought to the deposition, but when he arrived at the deposition his pen was missing. Plaintiff alleges that he believed his pen had been illegally confiscated by a correctional officer and he asked to be taken to his cell to retrieve another pen.  Plaintiff argues that he did not intend to end the deposition, and after he retrieved his pen he tried to turn and go back to the deposition but was stopped by a correctional officer and told he could not go back.  (ECF No. 68 at 10 ¶14.) Plaintiff argues that he did not willfully stop the deposition, and he should have been told he could not return to the deposition before he left to retrieve his pen.  (<u>Id.</u>)  Defense counsel Thai declares that she did not believe Plaintiff intended to return to the deposition and so Thai canceled it.  (Thai Declaration, ECF No. 59 at 2 ¶8.)

Defense counsel Thai declared as follows:

"On the date of the deposition [January 21, 2022], Plaintiff was present in a secure room with two other correctional officers.  The court reporter and I appeared remotely on video conference.  I greeted Plaintiff, and attempted to start the record.  However, before the record began, Plaintiff informed me that he

would not sit for the deposition because he did not have a pen.  I attempted to explain that the court reporter would transcribe the deposition, and that he did not need a pen.  Plaintiff insisted that he "had a right" to have a pen, and refused to proceed.  I attempted to explain that he could put his objections on the record, but that he must sit for the deposition; however, I was unsuccessful as Plaintiff stood up and walked out of the room as I was speaking to him.  He did not say anything as he left. I did not know whether and when Plaintiff was going to come back, and whether he would cooperate.  I believed that Plaintiff intended to terminate the deposition, so I terminated the deposition.  I was informed after I had terminated the deposition that Plaintiff had returned.  However, based on Plaintiff's conduct in this case, and in previous cases, I believed that he did not intend to cooperate unless he could dictate the manner and the order of the deposition.  I determined that it was best to terminate the deposition and seek sanctions."

(Declaration of Quyen V. Thai, ECF No. 59 at ¶¶7, 8.)

There is no evidence that Plaintiff did not intend to come back to the deposition after he retrieved his pen.  Defense counsel declares that Plaintiff did not say anything as he left, but Plaintiff's silence is not the same as confirmation that he did not intend to return, and his attempt to return to the deposition shows that he expected to return.  The court finds that while Plaintiff willfully left the deposition in search of a pen, causing a delay, there is no showing that he willfully terminated the deposition.  Had defense counsel delayed the decision to terminate the deposition and waited, in what appears to have been just minutes, or started it over when she realized Plaintiff intended to return, the deposition may have proceeded without further incident.  Instead, defense counsel immediately terminated the deposition.  Defense counsel admits that she wanted to terminate the deposition and seek sanctions.  It was defense counsel who willfully terminated the deposition, not Plaintiff.  This factor weighs against dismissal.

**Fair Warning**

Plaintiff was warned in the Court's Discovery and Scheduling Order that:

> "Disagreement with any directive of security staff at the correctional facility at which the deposition is scheduled is not a basis for Plaintiff to refuse to answer appropriate questions, and the failure of Plaintiff to attend, be sworn, and answer appropriate questions may result in sanctions.  Such sanctions may include dismissal of the action pursuant to Federal Rule of Civil Procedure 37."

(Discovery and Scheduling Order, ECF No. 41 at 3:12-16.)

In addition to this warning, Defendant has given examples showing that Plaintiff was warned more than once throughout his multiple cases that his failure to comply with the Federal Rules of Civil Procedure and the Court's orders could result in sanctions, including termination. In Hammler v. Hernandez, defense counsel admonished Plaintiff that his failure to answer questions could result in sanctions.

However, in instant case, Lyons, Plaintiff did not refuse to appear, be sworn, or answer questions.  At most, Plaintiff caused what appears to be a brief delay in the questioning until he was prepared to fully participate.  Plaintiff merely sought to bring his pen to the deposition. Neither the Discovery and Scheduling Order, nor the court's orders in other cases, gave Plaintiff fair notice that his entire case could be dismissed if he caused a brief delay to the start of a deposition.  This factor weighs against dismissal.

**Five Factors**

The Ninth Circuit has provided the following guidance in evaluating whether terminating sanctions are appropriate:

> We have constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.  This "test"

is not mechanical.  It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow:

> Like most elaborate multifactor tests, our test has not been what it appears to be, a mechanical means of determining what discovery sanction is just.  The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof.

Price, WL 2126779, at *2 (citing Connecticut General Life Ins. Co., 482 F.3d at 1096 (footnotes omitted).

The Court finds that on balance, the five Malone Factors weigh against dismissal of this case.

### (1)   Public Interest in the Expeditious Resolution of Cases

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  In this case, Plaintiff delayed the start of the deposition, which resulted in termination of the deposition.  The public interest in efficient resolution of cases has thus been thwarted.  Therefore, this first factor weighs in favor of dismissal.

### (2)   The Court's Need to Manage Its Docket

Considerations of judicial economy weigh in favor of terminating sanctions.  Ferdik, 963 F.2d at 1261 (finding that it was necessary "to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants").  Plaintiff's delay in the start of the deposition, which resulted in Defendant's termination of the deposition, has already consumed a considerable amount of limited judicial time and resources.  The Eastern District of California has one of the heaviest caseloads in the country, and Defendant's filing of

///

the motion for terminating sanctions in this case has demanded this court's attention, time, and resources.  Therefore, the court's need to manage its dockets weighs in favor of dismissal.

### (3)   Risk of Prejudice to the Defendant

"While [the mere pendency of a lawsuit] may be prejudicial, it cannot, by itself, be considered prejudicial enough to warrant dismissal." Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984).  Rather, "[i]n determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Malone, 833 F.3d at 131 (citation omitted).  "Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (quoting Ash, 739 F.2d at 496).

In this case, Plaintiff's conduct, which briefly delayed the deposition, was not unreasonable and did not impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case .  Defendants insist that Plaintiff does not "have a right" to bring his pen to the deposition and that such a right is not grounded in legal authority, but Defendant has not cited any authority supporting the argument that Plaintiff, who is pro se,  was neither permitted nor allowed to bring a pen to the deposition.   Therefore, the third factor weighs against dismissal.

### (4)   Public Policy Favoring Merits-Based Resolution

The general policy favoring disposition of cases on their merits always weighs against terminating sanctions, Yourish, 191 F.3d at 992 (citation and internal quotation marks omitted). Pagtalunan, 291 F.3d at 643.  Thus, this factor weighs against dismissal.  Id. (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)).

### (5)   Availability and Effectiveness of Lesser Sanctions

The fifth factor, the availability of less-drastic sanctions, weighs against dismissal of this case.  Defendant has argued that dismissal is the only sanction available because Plaintiff would still be able to testify to information he effectively withheld from Defendant, and the Court would have no practical way of excluding such testimony.  Defendant also argues that Plaintiff has already shown that no amount of judicial admonishment would deter him from future misconduct as Plaintiff has already had at least one other case dismissed for his failure to participate in a

deposition, (RJN No. 3), and additionally he had another case dismissed for his failure to board a transport van to his trial, (RJN No. 2.)  In this case, however, the court finds that defendant has not established that Plaintiff's conduct was unreasonable or that Plaintiff intended to terminate or otherwise obstruct the deposition, thus sanctions are not justified.  Therefore, this factor weights against of dismissal.

<u>Conclusion</u>

Based on these arguments, the Court finds that the five <u>Malone</u> factors, on balance, weigh against dismissal of this case.

**V.      REQUEST FOR MONETARY SANCTIONS**

Pursuant to Rule 37(a)(5)(A), if a discovery motion is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, Rule 37(a)(5)(A) also provides that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Id.  The party contesting the discovery sanction under Rule 37 bears the burden of establishing substantial justification or that other circumstances make an award of expenses unjust.  See Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994).

In addition to terminating sanctions, Defendant seeks the imposition of monetary sanctions against Plaintiff in the amount of $5,910.00 to reimburse Defendant for the for the costs of the depositions and the attorney's fees in preparation for the deposition.

Rule 37(d) provides that if a party fails to appear at a duly noticed deposition, the court may order sanctions.  Fed. R. Civ. P. 37(d)(3); Lew v. Kona Hospital, 754 F.2d 1420, 1426 (9th Cir. 1985); Sali v. Corona Regional Medical Center, 884 F.3d 1218, 1222 (9th Cir. 2018). However, courts frequently refuse to impose monetary sanctions on indigent parties.  Hammler v. Franklin, No. 2:18-cv-5525 JGB (SP), 2021 WL 5238579 at *4 (C.D. Cal. Sept. 9, 2021)

(citing <u>Davis v. Morris</u>, 2014 WL 1364895 at *3 (C.D. Cal. Apr. 4, 2014); <u>Thomas v. Gerber</u>
<u>Productions</u>, 703 F.2d 353, 357 (9th Cir. 1983)); <u>see also</u> <u>Lucero v. Pennella</u>, No. 1:18-cv-01448
NONE SAB, 2020 WL 4059552 at *4 (E.D. Cal. July 20, 2020) (declining to impose monetary
sanctions for failure to appear for a deposition in light of plaintiff's *pro se* and previously
incarcerated status; <u>Leonard v. Kaur</u>, No. 2:19-cv-2271 DMC P, 2021 WL 242739 at *2 (E.D.
Cal. Jan. 25, 2021) (declining to order sanctions or expenses given plaintiff's status as a prisoner
proceeding *in forma pauperis*).

In light of Plaintiff's *in forma pauperis* status, the court would decline to impose
monetary sanctions.  <u>See</u> e.g., <u>Bumpus v. Nangalama</u>, No. 2:12-cv-1102 GEB DAD P, 2015 WL
5435364, at *5 (E.D. Cal. Sept. 15, 2015) ("Given that plaintiff is proceeding *in forma pauperis*,
the court declines to impose the requested monetary sanctions."); <u>Morrow v. Sacramento D.E.A.</u>,
No. 2:13-cv-2188 GEB KJN, 2014 WL 907349 at *3 (E.D. Cal. Mar. 7, 2014) ("[I]n light of
plaintiff's *in forma pauperis* status, the court has little confidence that plaintiff would pay
monetary sanctions if they were imposed . . . ."); <u>Jackson v. Cates</u>, No. CIV S-10-2070 GEB
EFB, 2011 WL 546316 at *2 (E.D. Cal. Nov. 7, 2011) ("Due to plaintiff's *in forma pauperis*
status, the court declines to issue an award of monetary sanctions at this time.").   <u>Johnson v.</u>
<u>Nelson</u>, No. 220CV0967WBSDBP, 2022 WL 118948, at *2 (E.D. Cal. Jan. 12, 2022).  <u>Houston</u>
<u>v. Ngai</u>, No. 220CV1051KJMDBP, 2022 WL 993086, at *3 (E.D. Cal. Apr. 1, 2022).

In this case, the Court has determined that Plaintiff's conduct at the deposition was not
shown to be either unreasonable or obstructionist as the decision by attorney Thai to terminate
the deposition was premature.  In Plaintiff's opposition to the motion for sanctions he states that
after retrieving a pen he "tried to turn and go back to the deposition" (see, ECF. DOC No. 68).
Thus without a showing that Plaintiff willfully refused, or caused unnecessary delay in the taking
of his deposition, the imposition of sanctions is not warranted nor justified.  Therefore,
Defendant's Motion for Terminating and Monetary Sanctions against Plaintiff should be denied.
///

## VI.    CONCLUSION AND RECOMMENDATIONS

The Court finds that Defendant has not established that Plaintiff willfully terminated or obstructed his deposition, or that his conduct at the deposition was unreasonable. The Court does not find the requisite extreme circumstances which the harsh penalty of dismissal can be imposed. Henderson, 779 F.2d at 423. In addition, the Court finds that Defendant is likewise not entitled to monetary sanctions against Plaintiff for the reasons stated above. Therefore, the Court shall recommend that Defendant's Motion For Terminating and Monetary Sanctions be denied, and if discovery is reopened after resolution of Defendant's two pending dispositive motions, Plaintiff be provided one final opportunity to be deposed.

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1.    Defendant Lucas's Motion for Terminating and Monetary Sanctions Against Plaintiff for his Willful Failure to Participate in his Deposition, filed on March 4, 2022, be DENIED;

2.    If discovery is reopened after resolution of Defendant's two pending motions (ECF Nos. 57 and 61),[2] Plaintiff be provided one final opportunity to be deposed, and if Plaintiff fails to be deposed, this case should be dismissed with prejudice; and

3.    This case be referred back to the magistrate judge for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed **within ten (10) days** after the date the objections are filed. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.

---

[2] Pursuant to the Court's order issued on June 1, 2022, the discovery and dispositive motions deadlines in this case are currently stayed until Defendant's Motion for Terminating and Monetary Sanctions (ECF No. 57 – this pending motion) and Defendant's Motion for Summary Judgment based on failure to exhaust administrative remedies (ECF No. 61 - motion pending) have both been resolved. (ECF No. 69 at 3.)

Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**January 25, 2023**__               _____ **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE